UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATALIE HADDAD,
Plaintiff,

v.

CIRCLE K STORES, INC.,
Defendant.

Case No. 26-cv-03330-JD

**ORDER RE REMAND**

Plaintiff Natalie Haddad sued defendant Circle K Stores, Inc. (Circle K) and unnamed Doe defendants for wage and hour violations under the California Labor Code as well as various wage orders from the Industrial Welfare Commission regulating the hours and days of work. Dkt. No. 1-1. Haddad originally sued in the Superior Court for Alameda County, and Circle K removed the action to this Court on traditional diversity grounds. Dkt. No. 1. Haddad asks for a remand to the Superior Court. Dkt. No. 19. The case is remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

The complaint is silent on the amount of damages sought. As a result, the parties disagreed about how to compute the amount in controversy here. *See* Dkt. Nos. 19-21. Circle K, for its part, provided a detailed account of how much it would be liable for under all of Haddad's claims. *See* Dkt. No. 1 at 7-16. Adding up the liability from each claim, as well as attorney's fees, it arrived at an amount in controversy of $83,750. Dkt. No. 20 at 8.

Even accepting Circle K's calculations as true, removal was not well taken. Haddad has only one cause of action for civil penalties pursuant to the California Private Attorneys General Act (PAGA). Dkt. No. 1-1 at 4. Under PAGA, penalties are split, with 35% going to the plaintiff and 65% going to the California Labor and Workforce Development Agency. Cal. Lab. Code

United States District Court
Northern District of California

§ 2699(m). The problem for Circle K is that only the plaintiff's 35% share may be counted toward the amount in controversy. *See Wood v. C.H. Robinson Co., Inc.*, No. 25-CV-05641-JD, 2026 WL 483175, at *7 (N.D. Cal. Feb. 20, 2026); *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122-23 (9th Cir. 2013) ("we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction.").

Circle K acknowledges that its calculation of the amount in controversy includes the portion set aside for the state. *See* Dkt. No. 20 at 4 ("Circle K's amount in controversy calculation . . . [includes] both Ms. Haddad's [35%] share and the LWDA's [65%] share."). Thus, its calculated amount of $83,750 is reduced to $29,312.50, well below the $75,000 requirement for diversity jurisdiction. *Don't Tread on US, LLC v. Twitter Inc.*, No. 23-CV-02461-JD, 2024 WL 40200, at *1 (N.D. Cal. Jan. 3, 2024).[1]

Consequently, the case was removed without subject matter jurisdiction. It is remanded to the Superior Court of Alameda County. 28 U.S.C. § 1447(c).

Plaintiff's request for monetary sanctions is denied. The hearings set for August 6, 2026, are vacated.

**IT IS SO ORDERED.**

Dated: August 4, 2026

JAMES DONATO
United States District Judge

[1] Because the amount in controversy requirement is not met, there is no need to reach the diversity of citizenship argument raised by the parties.